UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

HOLLY KESNER, individually and as
ADMINISTRATRIX of the
ESTATE OF CHARLES "ROSCO" DAVIS

       Plaintiff,

v.                                                                CIVIL ACTION NO. 5:22-cv-00539

ASPLUNDH TREE EXPERT, LLC,
a Pennsylvania LLC, and
THE TOWNSEND CORPORATION,
a Pennsylvania Corporation,

       Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

       Pending are Plaintiff Holly Kesner's Response to Order to Show Good Cause and Motion to Extend Time to Serve Defendants [Doc. 5], filed on March 2, 2023, and Motion for Leave to Amend Complaint[1] [Doc. 6], filed on March 29, 2023. The matters are ready for adjudication.

**I.**

       This action arises out of Ms. Kesner's wrongful death claim related to the death of Charles "Rosco" Davis during his employment with Defendant Asplundh Tree Expert, LLC ("Asplundh Tree"). Ms. Kesner filed her Complaint on November 28, 2022. [Doc. 1]. Since filing, it appears no Defendant has been served.

       On February 28, 2023, Ms. Kesner moved for leave to amend the Complaint. [Doc.

---

[1] Inasmuch as the motion supersedes Ms. Kesner's previously filed Motion for Leave to Amend, the Court **DENIES AS MOOT** the earlier Motion [**Doc. 3**].

3]. On March 1, 2023, the Court ordered Ms. Kesner to demonstrate good cause for her failure to timely serve the originally named Defendants pursuant to the *Federal Rules of Civil Procedure*. [Doc. 4]. Ms. Kesner responded on March 2, 2023. [Doc. 5]. Ms. Kesner contends she felt "forced to file" her Complaint before she could fully investigate her claims, and thus her filing of the instant action "was not necessarily to launch into litigation . . . but to preserve her case while a complete investigation could be completed." *Id.* at 4. Accordingly, Ms. Kesner moves for an additional 90 days to serve Defendant Asplundh Tree, as well as certain additional defendants "after the operative filing" of her proposed Amended Complaint. *Id.* On March 29, 2023, Ms. Kesner filed a superseding Motion for Leave to Amend, asserting the same. [Doc. 6].

## II.

*Federal Rule of Civil Procedure* 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Good cause" requires a "showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019); *Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022). "Consistent with that foundational principle, good cause is commonly found to 'exist[] when the failure of service is due to external factors, such as the defendant's intentional evasion of service,' but 'significant periods of inactivity' and a 'fail[ure] to seek extension of time before [the] deadline [has] lapsed' tend to undercut any claim of good cause." *Gelin*, 35 F.4th at 218 (quoting *Attkisson*, 925 F.3d at 627); *see also* 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1137 (4th ed.) (explaining that in evaluating good cause under Rule 4(m), "courts

have rejected excuses based on . . . ignorance of the rule, the absence of prejudice to the defendant, . . . inadvertence of counsel, or the expenditure of efforts that fall short of real diligence by the serving party").

"[E]ven without a showing of good cause, the district court *may* 'order that service be made within a specified time' rather than dismissing the action." *Gelin*, 35 F.4th at 219 (emphasis in original) (quoting Fed. R. Civ. P. 4(m)). Accordingly, our Court of Appeals has determined that "a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule." *Id.* at 220; *see also Henderson v. United States*, 517 U.S. 654, 662 (1996) ("[C]ourts have been accorded discretion to enlarge the [time] period 'even if there is no good cause shown.'") (quoting Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment).

In addition, pursuant to *Federal Rule of Civil Procedure* 15, where, as here, a party cannot amend as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave," which should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, leave to amend should only be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) (internal quotations omitted).

### III.

Ms. Kesner contends good cause exists for her decision to withhold service of the Complaint and to extend the service period. Specifically, Ms. Kesner submits that, "[w]hile investigating the circumstances of Mr. Davis' death, counsel for Plaintiff discovered a concerning

3

'Limitation on Time to File Claims or Lawsuits' in the personnel file of another client who had previously worked for Asplundh." [Doc. 5 ¶2]. The Limitation Agreement provides that "any claim, administrative claim or lawsuit relating to [the employee's] service with the Company or any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit" and that the employee "waive[s] any statute of limitations to the contrary." [Doc. 5-1]. Ms. Kesner asserts the Limitation Agreement, "to the extent applicable to Mr. Davis, would shorten the 2-year statute of limitations" period applicable to wrongful death claims in West Virginia by 18 months. [Doc. 5 ¶3 (citing W. Va. Code § 55-7-6(d))]. Although "on its face, this provision would seem to apply to employment decisions rather than workplace injuries," and doubting its legality, counsel for Ms. Kesner decided it "prudent to initiate the litigation within 6 months of Mr. Davis' [sic] death to avoid unnecessary motions practice and prevent the pointless expenditure of judicial resources." *Id.* ¶4. Ms. Kesner thus intended to amend the Complaint "with additional information, ensure that the proper parties were identified and proceed with service and initiating litigation once a more thorough investigation was completed." *Id.* ¶5. Ms. Kesner further acknowledges that she erred in failing to timely serve at least Asplundh Tree; however, she submits such error is not prejudicial. *Id.* ¶7 n.2.

Ms. Kesner filed her Complaint on November 28, 2022. [Doc. 1]. The deadline to serve the Defendants was February 27, 2023. The Court acknowledges that Ms. Kesner's failure to timely serve the Defendants appears attributable to her counsel's efforts to investigate her claims more fully and avoid additional motion practice. Whether the decision to withhold service amounts to good cause under the *Federal Rules* is questionable; nevertheless, Ms. Kesner's delay in requesting the extension was brief and her reliance on a perceived shortened statute of limitations period reasonable. Further, amendment at this juncture is unlikely to prejudice any party.

4

## IV.

For the foregoing reasons, the Court **DISCHARGES** the Show Cause Order [**Doc. 4**], **GRANTS** as moulded Ms. Kesner's Motion to Extend Time to Serve Defendants [**Doc. 5**] and **EXTENDS** the service period by an additional thirty (30) days.

The Court further **GRANTS** Ms. Kesner's Motion for Leave to Amend the Complaint [**Doc. 6**] and directs the Clerk to promptly file the Amended Complaint attached thereto. Upon filing, Ms. Kesner is **ORDERED** to seek the issuance of process as necessary and serve the Defendants named therein within the extended thirty-day service period. Inasmuch as the proposed Amended Complaint omits reference to Defendant The Townsend Corporation, the Court declines to enter the Proposed Order of Dismissal. [Doc. 9].

The court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER:        August 31, 2023

Frank W. Volk
United States District Judge