IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

HOLLY KESNER, individually and as
ADMINISTRATRIX of the ESTATE
OF CHARLES ROSCO DAVIS,

          **Plaintiff,**

vs.                                       Civil Action No. 5:22-cv-00539

ASPLUNDH TREE EXPERT, LLC,
*ET AL.*,

          **Defendants.**

## ORDER

Pending before the Court is ***Defendant Asplundh Tree Expert, LLC's Motion to Amend Answers to Requests for Admission*** filed on May 16, 2024 (ECF No. 44), and ***Plaintiff's Memorandum in Opposition to Defendant Asplundh Tree Expert, LLC's Motion to Amend Answers to Requests for Admission*** (ECF No. 46) filed on May 20, 2024.[1] For the reasons set forth *infra*, the undersigned hereby **DENIES** the *Motion* (ECF No. 44).

### Background and Procedural History

This case involves a fatal worksite incident, and the Plaintiff has alleged a deliberate intention claim against Defendant Asplundh Tree Expert, LLC (hereinafter referred to as "Asplundh"), and negligence claims against Defendants Davis H. Elliott Construction Company, Inc., and Appalachian Power Company d/b/a American Electric Power.

The Plaintiff served discovery requests on each Defendant on December 19, 2023 (ECF No. 33). On January 17, 2024, Asplundh, by counsel, requested a ten-day extension of time to respond to the Plaintiff's discovery requests, and the Plaintiff agreed to extend the deadline to

---

[1] No reply has been filed to date in accordance with Rule 7.1(a)(7) of the Local Rules of Civil Procedure, therefore, the instant Motion is ripe for decision.

January 29, 2024 (ECF No. 46-4). On January 29, 2024, Asplundh's counsel advised Plaintiff's counsel via email that the responses were incomplete (ECF No. 46-5). There were no further agreements between the Plaintiff and Asplundh as to any additional deadline extensions for Asplundh to respond to the Plaintiff's discovery requests.

On April 11, 2024, Counsel for Defendant Appalachian Power Company d/b/a American Electric Power, filed the Notice of Mediation to be held on May 16, 2024, to begin at 10:00 a.m. (ECF No. 39)

On April 12, 2024, Asplundh submitted its answers to the Plaintiff's discovery requests, including its answers to the Requests for Admission, specifically Request Nos. 23, 24, 25, 26, and 28. (ECF No. 44-1) On May 15, 2024, Asplundh submitted its supplemental answers to these Requests. (ECF Nos. 42, 44-2)

### Argument in Support of Motion to Amend

Asplundh asserts that it provided its answers well ahead of the deadline for filing dispositive motions, and the Plaintiff will not suffer any prejudice if Asplundh is permitted to amend its answers. None of its responses to the enumerated requests for admissions are dispositive as to the Plaintiff's deliberate intention claim against Asplundh, but any deemed admission will affect the presentation of evidence at trial, as well as how the parties will conduct discovery going forward. Asplundh states that allowing it to withdraw and amend any deemed admission as to the scope and extent of any training involving its employees will promote the presentation of the merits of this action.

### Opposition to Motion to Amend

The Plaintiff points out many reasons why Asplundh's motion should be denied: for starters, Asplundh was served discovery nearly five months ago, and the Plaintiff then gave Asplundh an extension to respond to discovery for an additional thirty (30) days – and Asplundh

still missed the deadline to respond to the Requests for Admission by seventy-five (75) days. When the Plaintiff notified Asplundh that its failure to respond to the Requests would be taken as deemed admitted, Asplundh still waited another month to seek leave of Court to amend. Allowing Asplundh to amend its answers will subvert the purpose of Rule 36 of the Federal Rules of Civil Procedure – issues which have not been present in this case will become issues that will require enormous costs to the Plaintiff to flesh out and will extend the length of trial due to the need for calling additional witnesses.

     Specifically, the Plaintiff notes that following its investigation into the decedent's death, the United States Department of Labor, Occupational Health and Safety Administration ("OSHA") issued several findings that Asplundh did not contest, and just paid the fine – the Plaintiff's requests mirrored OSHA's findings to streamline the issues to be tried in this case. In reliance on those requests being deemed admitted, the Plaintiff sought not to engage in unnecessary discovery depositions of OSHA witnesses. If Asplundh is permitted to amend its answers, then the Plaintiff will need to depose fact witnesses that will likely require the trial to be rescheduled. The Plaintiff also notes that Asplundh's contention that allowing it to amend its answers could affect the presentation of the merits is an absurd interpretation of the Rules of Civil Procedure. Additionally, the Plaintiff takes issue with Asplundh's assertion that an amendment to its answers will ensure the Plaintiff's participation in discovery – Asplundh has not issued its own discovery to the Plaintiff, and it failed to respond to the Plaintiff's discovery for months after being served. Further, Rule 36 is not a discovery device, but a means to reduce the costs of litigation and to facilitate the presentation of issues. Asplundh's conduct should not be rewarded: it should not be permitted to litigate issues already raised and addressed by OSHA, and later deemed admitted by Asplundh's failure to engage in good faith discovery.

The Plaintiff also disagrees with Asplundh's argument that just because there is still time left for discovery means the Plaintiff cannot be prejudiced: the Plaintiff has not secured an expert to address the matters set forth in the admissions, because the Plaintiff did not have to retain an expert to opine on Asplundh's failure to train and to conduct a job safety analysis. If Asplundh is allowed to amend its admissions, then the Plaintiff will have to conduct more than twenty depositions on those issues, and then have transcripts and written discovery responses to formulate expert opinions. This Court provided deadlines in its Scheduling Order for a reason – to facilitate the progress of this action. Asplundh is asking this Court to ignore the purpose of Rule 36 and to foist the additional costs of this discovery onto the Plaintiff. Those costs, particularly for any expert the Plaintiff will be forced to retain will be significant, given there are three separate Defendants in this action, and each will likely question them. Additionally, the Plaintiff will be forced to schedule several more depositions of fact witnesses instead of just a Rule 30(b) deposition of an Asplundh representative concerning the factual admissions; of course, all these transcripts will have to be purchased and reviewed by any expert before they can render an opinion, and all those fact witnesses will have to be called at trial, taking additional Court time and costs. The Plaintiff does not have the funds or time to spend on needless discovery, although Asplundh may.

The Plaintiff further points out that these additional potential costs do not even account for the delay caused by Asplundh. Had Asplundh timely denied the requests, then the Plaintiff would have already taken several depositions. Asplundh had not acted in good faith: it could have advised the Plaintiff that her reliance on those admissions at mediation thirty days before the scheduled mediation – instead, Asplundh waited until two days before, while acting as if it would mediate in good faith, but then offered nothing for the Plaintiff's claims. Moreover, Asplundh filed the instant motion during mediation. When Asplundh finally responded to discovery at least a month after mediation discussions were taking place, the Plaintiff promptly advised of her intent to rely on

4

these admissions – instead of refusing to mediate based on the Plaintiff's representation from the outset, Asplundh intentionally withheld that information until just prior to mediation.

The Plaintiff asks the Court to deny Asplundh's motion because otherwise, it would only encourage the bad faith practices that have occurred here.

**Pertinent Law**

Federal Rule of Civil Procedure 36 states in pertinent part as follows:

> (a)(3) A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A short or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

> (b) A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

**Discussion**

To say that the undersigned is put off by the instant Motion is an understatement: while the Court appreciates that sometimes litigants or counsel neglect to timely respond to discovery, or needs to supplement responses to discovery requests, Asplundh's conduct here is an outlier.

The Court has reviewed both Asplundh's initial responses and the supplemented versions, and like the Plaintiff, is totally perplexed as to how Asplundh failed to timely submit its simple denials. It is significant that the Plaintiff's discovery requests contain only twenty-eight (28) queries – of which only five (5) concern the subject requests for admission. (See ECF No. 46-2) Regarding its initial responses dated April 12, 2024 (See ECF Nos. 44-1, 46-8), the undersigned notes that there is no certificate of service docketed that day to indicate that Asplundh properly served its responses on the Plaintiff. However, there is a certificate of service indicating Asplundh

served its responses to the Plaintiff's Requests for Admission that was filed on May 15, 2024, although it is dated April 12, 2024 (See ECF No. 42). The undersigned observes that the requests mirror the purported uncontested findings issued by OSHA regarding its investigation into the incident surrounding the decedent's death: any deemed admissions on these matters would effectively narrow the issues to be tried, as they relate solely to Asplundh's training protocols for its employees regarding certain hazards they may face following a storm – specifically, training on how to deal with limbs or branches that fall across electrical lines with an uneven weight distribution (compare ECF Nos. 46-1 and 46-2 at 12-13; see also ECF No. 46-3).

There is no dispute that at first, Asplundh requested an additional ten-day extension to the deadline to submit its discovery responses (ECF No. 46-4), but then failed to complete its responses by the agreed deadline (ECF No. 46-5). It is significant that the Plaintiff had to notify Asplundh's counsel following the unsuccessful mediation that Asplundh still did not provide complete responses, and to obtain dates for depositions for no less than thirteen (13) witnesses, all of whom are Asplundh employees (see ECF No. 46-9). This timeline corroborates the Plaintiff's argument that Asplundh failed to respond completely to initial discovery requests for nearly five months. Asplundh's discovery conduct is not only unjustified, but also exasperating.

On that note, there also appears to be no dispute that the parties were in the midst of mediation discussions as early as March 14, 2024 (ECF Nos. 46-6, 46-7), and as noted *supra*, the Notice of Mediation was filed on April 11, 2024, the day before Asplundh submitted its original answers to the Plaintiff's discovery requests. It is also notable that mediation was scheduled to begin at 10:00 a.m. on May 16, 2024, and the CM/ECF electronic filing notice indicates the instant motion was docketed at 10:32 a.m. that day. This late-stage filing does not bear the hallmarks of engaging in mediation in good faith as required by the Court, but this is especially egregious when the Plaintiff warned Asplundh well in advance of the mediation that its failure to respond timely

to the requests for admissions would be construed as admissions by operation of Rule 36(a)(3), and would be relying upon during settlement negotiations.

Accordingly, the Court finds that Asplundh does not bring the instant motion with clean hands, and if the Rules of Civil Procedure or even this Court's own Orders are to mean anything, deadlines must be respected. The undersigned can find no justifiable reason as to why Asplundh failed to timely respond to discovery, despite having been provided ample extensions of time by the Plaintiff. None of these Requests for Admissions were particularly complicated or voluminous that would have warranted several months' worth of delay, let alone, being incomplete.

As provided by the aforementioned Rule, "[a]n admission can be withdrawn if it would promote the presentation of the merits of the action, and if allowing the withdrawal would not prejudice the party that obtained the admission." *Moore v. Indian Harbor Insurance Company*, Case No. 3:22-cv-00385, 2023 WL 2520582 (S.D.W. Va. Mar. 14, 2023) (Eifert, M.J) (internal citations omitted). Put another way, "[o]nce made, an admission may be withdrawn only if: a) the withdrawal would promote the presentation of the merits of the action, and b) allowing the withdrawal would not prejudice the party that obtained the admission." Adventis, Inc. v. Consol. Prop. Holdings, Inc., 124 Fed.Appx. 169, 173 (4th Cir. 2005) (internal citations omitted). This first prong does not appear to be satisfied. The Requests for Admissions, if deemed admitted, would not effectively resolve the case: there are two other named Defendants in this action, and the Plaintiff has alleged negligence and unsafe workplace against them as well as against Asplundh. (See ECF No. 12, ¶¶ 27 – 31) On the other hand, if deemed admitted, while such admissions would appear to further support the Plaintiff's deliberate intent claim against Asplundh, as they corroborate OSHA investigative findings, none of them concern Asplundh's "deliberate intent" to expose the decedent to a known unsafe working condition. Indeed, even Asplundh concedes they are not dispositive of the deliberate intent claim (See ECF No. 45 at 4). In short, there will still be

a need for a presentation on the merits, but if deemed admitted, the responses will *promote* the presentation of the merits of this action.[2]

In any event, even assuming the first prong is met here, there is simply no way the second prong is met, because the Plaintiff has demonstrated that to allow the amendment would be prejudicial. For starters, the mediation was clearly a waste of every one's time: despite being interested and involved in scheduling mediation early on, Asplundh did not make known its representation that settlement would be fruitless until just two days prior. At a minimum, Asplundh should be responsible for *all* the costs and fees associated with the failed mediation. Moreover, Asplundh's suggestion that being permitted to amend its responses allows the Plaintiff to participate in meaningful discovery lacks merit or downright ridiculous – it is not lost on the undersigned that the instant motion was filed because ***Asplundh*** failed to participate in meaningful discovery. Further, Asplundh's insinuation[3] that somehow the Plaintiff is the cause of Asplundh's failure to submit its discovery responses timely because ***the Plaintiff*** did not inquire further as to the status of same is an affront to the Plaintiff's counsel, as well as to the purposes of the Rules of Civil Procedure. Presumably, Asplundh's counsel recognized they had specific deadlines to submit their discovery responses to the Plaintiff, otherwise, they would not have requested the extension(s) in the first place.

There are other prejudices that would befall the Plaintiff should Asplundh get its way: obviously, there will be additional discovery to conduct, including depositions, both fact and

---

[2] As to Asplundh's contention that "if it is deemed admitted it did not train employees on specific hazards they may encounter following a storm (Request No. 24), then evidence as to actual knowledge and deliberate exposure – matters which are not withing the scope of the requests for admission – will provide incongruent evidence at trial" (ECF No. 45 at 5), the undersigned is at a loss as to what this means. Obviously, the Plaintiff has the burden of proof for each of the counts alleged against the Defendants, and deliberate intent is different from negligence, and has different elements for each.

[3] See ECF No. 45 at 4, fn 1.

expert testimony, focusing on employee training and safety protocols. While the undersigned recognizes that the Scheduling Order provides there are several months left to complete discovery, as well as dispositive motions filing deadlines, Asplundh ignores the fact that the Plaintiff will be especially burdened here, as she has the burden of proof.

In summation, considering the foregoing events, the undersigned **DENIES** Asplundh's *Motion to Amend Answers to Requests for Admission* (ECF No. 44). The undersigned observes that a motion to have Asplundh's answers deemed admitted has ***not*** been filed but recognizes that denial of the instant motion has the practical effect of a finding the very untimely responses being deemed admitted. Accordingly, the undersigned hereby **FINDS** Asplundh's admissions deemed admitted pursuant to Federal Rule of Civil Procedure 36.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties may contest the ruling set forth above on this non-dispositive Motion by filing its objections to same within 14 days with District Judge Irene C. Berger. If objections are filed, the District Judge will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is hereby directed to transmit a copy of this Order to counsel of record.

ENTER: May 29, 2024.

Omar J. Aboulhosn
United States Magistrate Judge