IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

HOLLY KESNER, *individually and
as Administratrix of the Estate of
Charles "Rosco" Davis*,

                Plaintiff,

v.                                        CIVIL ACTION NO.   5:22-cv-00539

ASPLUNDH TREE EXPERT, LLC, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Order* (Document 48) issued by the Honorable Omar J. Aboulhosn, United States Magistrate Judge, *Defendant Asplundh Tree Expert, LLC's Objections to May 29, 2024 Order* (Document 49), the *Response to Defendant Asplundh Tree Expert, LLC's Objections to May 29, 2024 Order* (Document 55), and *Defendant Asplundh Tree Expert, LLC's Reply in Support of Objections to May 29, 2024 Order* (Document 56).   In addition, the Court has reviewed the underlying briefing, including *Defendant Asplundh Tree Expert, LLC's Motion to Amend Answers to Requests for Admission* (Document 44), *Defendant Asplundh Tree Expert, LLC's Memorandum in Support of Motion to Amend Answers to Requests for Admission* (Document 45), and the *Plaintiff's Memorandum in Opposition to Defendant Asplundh Tree Expert, LLC's Motion to Amend Answers to Requests for Admission* (Document 46), as well as all exhibits.   For the reasons stated herein, the Court finds that the Defendant's appeal should be denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Defendant's motion to amend its answers to requests for admission was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, pursuant to the *Standing Order* (Document 2) entered in this case. Judge Aboulhosn's Order outlines the factual and procedural background in full.

The Plaintiff alleges that decedent Charles Rosco Davis was killed in a workplace accident when he was struck by a tree branch that was entangled with power lines following a storm. The Plaintiff asserts a deliberate intent claim against Asplundh and negligence claims against Defendants Davis H. Elliott Construction company and Appalachian Power Company.

The Plaintiff served discovery requests on the Defendants on December 19, 2023. The discovery requests served on Asplundh included the five requests for admission at issue here. Asplundh requested a brief extension of the response deadline, and the Plaintiff agreed to a deadline of January 29, 2024.[1] In an email on January 29, counsel for Asplundh indicated that the discovery responses were not yet complete, stating that she was awaiting additional records from her client and would get them to Plaintiff's counsel soon. (Pl.'s Ex. E, Document 46-5.) She did not request an additional extension, and the Plaintiff did not stipulate to one. The parties agreed to conduct an early mediation in this matter, and on April 11, 2024, counsel for Appalachian Power filed a Notice of Mediation, scheduling mediation for May 16, 2024. The day after the Notice of Mediation was filed, Asplundh responded to the Plaintiff's discovery requests, including answering the Requests for Admission with brief denials. The Plaintiff informed Asplundh that she intended to rely on the Requests for Admission, which she viewed as properly deemed

---

[1] The Plaintiff separately agreed to a general extension of the response deadline for the other two Defendants.

2

admitted. Asplundh submitted supplemental answers and responded to the interrogatories and requests for production on May 15, 2024, the day before the mediation. On May 16, 2024, as the mediation was ongoing, Asplundh filed its motion to amend answers to its requests for admission.

Judge Aboulhosn entered his Order on May 29, 2024. He outlined the standard applicable to Rule 36 of the Federal Rules of Civil Procedure. He noted that the Rule provides for matters to be deemed admitted if a written answer or objection is not timely served, with exceptions if a court finds that permitting withdrawal or amendment would promote presentation on the merits and would not prejudice the requesting party. Judge Aboulhosn found that the deemed admissions narrow the issues by corroborating OSHA investigative findings, without effectively resolving the case. He also found the Plaintiff had established that permitting the amendment would be prejudicial. He reasoned that Asplundh's actions surrounding the requests for admission caused the mediation to be unproductive and would interfere with the Plaintiff's ability to complete discovery. Judge Aboulhosn also discussed the purpose of Rule 36 and the importance of abiding by deadlines, finding Asplundh's failure "to respond completely to initial discovery requests for nearly five months" to be "not only unjustified, but also exasperating." (Order at 6.)

Counsel for Asplundh provided an affidavit with her objections, wherein she explains that she was focused on gathering materials to produce in response to the discovery requests and "did not appreciate that the Combined Discovery included five requests for admission" until she "reviewed the complete set of Combined Discovery" on April 12, 2024.[2] (Brennan Aff. at ¶¶ 14-15) (Document 49-1.) She further states that she had no "ill motives connected to the mediation"

---

2 The Affidavit does not indicate how Counsel intended to gather all responsive materials when she apparently had not read the combined discovery requests in full.

and submitted the supplemental responses the day before mediation because she wished to "provide the Plaintiff with the full and complete discovery responses, and to show the Court that the original denials had documentary support." (*Id*. at ¶ 29.) She further states that the failure to timely respond to the requests for admission was due to her own oversight and was not caused by Asplundh.

## ARGUMENT

Asplundh objects to Judge Aboulhosn's order, arguing first that the Court should apply de novo review. It contends that "[i]n denying the Motion to Amend Answers to Requests for Admissions, the Order in question has made a conclusive, dispositive determination as to the substance of the matters set forth in the requests for admission that are the subject of the motion." (Obj. at 2.) In addition, it contends that the Order should be considered dispositive because the requests for admission are similar in substance to "two specific and general denials set forth in Asplundh's Answer and Affirmative Defenses on matters which were obviously in dispute as of the pleading stage of this case." (*Id.*) Even if the Court applies the clearly erroneous standard applicable to non-dispositive motions referred to a magistrate judge, Asplundh argues that Judge Aboulhosn's order failed to address the factors set forth in Rule 36(b), and imposed a sanction on Asplundh based on an improper assessment of its counsel's conduct and motivations. Asplundh further argues that allowing an amendment would promote presentation on the merits of the action by permitting it to present all relevant evidence. Finally, it contends that permitting an amendment would not prejudice the Plaintiff because there remains sufficient time for all discovery to be completed.

The Plaintiff contends that many of Asplundh's arguments are not properly before the Court because they were not presented in the original motion to Judge Aboulhosn. She asserts that the clear error or contrary to law standard applies to this non-dispositive discovery matter. The Plaintiff outlines the events leading to Asplundh's motion and objection, noting that Asplundh's responses to the requests for admission consisted of blanket denials filed approximately 75 days late and its responses to the interrogatories and requests for production were filed the day before mediation, 108 days after they were due. She argues that Judge Aboulhosn's Order addressed the relevant facts and applied the correct legal standard. She argues that "even if Judge Aboulhosn did rely solely on Asplundh's discovery conduct as a basis for sanctioning Asplundh, he was within his rights to do so." (Pl.'s Resp. at 8.)

## STANDARD OF REVIEW

Asplundh's motion to amend its answers to the requests for admission was referred to Judge Aboulhosn pursuant to 28 U.S.C. § 636(b)(1)(A), which provides:

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

"Courts have consistently found routine discovery motions to be 'nondispositive' within the meaning of Rule 72(a)." *Clark v. Milam*, 847 F. Supp. 424, 425 (S.D.W. Va. 1994) (Haden, C.J.) (quoting *Bobkoski v. Bd. of Educ. of Cary Consol. Sch. Dist. 26*, 141 F.R.D. 88, 90 (N.D. Ill.

5

1992)). A motion to amend discovery responses is a routine discovery motion. *Bailey v. Christian Broad. Network*, 483 F. App'x 808, 810 (4th Cir. 2012) (unpublished per curiam) (noting that "the district court was required to correct the magistrate judge's ruling if it found the ruling 'clearly erroneous or…contrary to law'" as to a motion to extend time to respond to requests for admission and to withdraw deemed admissions pursuant to Rule 36(b)). The discovery process is important and impactful on the potential success of claims and defenses, but the Court will not adopt Asplundh's position that a discovery motion that resolves certain facts is a dispositive motion subject to de novo review. Judge Aboulhosn's Order did not dispose of any claims or defenses; it simply held that Asplundh should not be permitted to amend its failure to respond to requests for admission.

  The assignment of non-dispositive discovery matters to a magistrate judge is governed by Rule 72 of the Federal Rules of Civil Procedure. Rule 72 stipulates that, when a party objects to a non-dispositive ruling by a magistrate judge, "[t]he district judge in the case must…modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). In the Fourth Circuit, a magistrate judge's finding is "clearly erroneous" where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Clark v. Milam*, 155 F.R.D. 546, 547 (S. D. W.Va. 1994). Findings of facts by a magistrate judge must be affirmed by the district court "unless … review of the entire record leaves … the definite and firm conviction that a mistake has been committed." *Clark*, 155 F.R.D. at 548, quoting *Harman v. Levin*, 772 F.2d 1150 (4th Cir. 1984). The standard of review for "contrary to law," however, is different. "[F]or questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard

and [a] de novo standard." *HSBC Bank USA, Nat. Ass'n v. Resh*, 2014 WL 317820, at *7 (S. D. W.Va. January 28, 2014) (Chambers, C.J.) (slip op.), quoting *Robinson v. Quicken Loans Inc.*, 2013 WL 1704839, at *3 (S. D. W.Va. Apr. 19, 2013) (Chambers, C.J.).

## DISCUSSION

Rule 36 of the Federal Rules of Civil Procedure establishes procedures for serving and responding to requests for admission, including stating that "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves…a written answer or objection," absent a court order or stipulation altering the time for responding. Fed. R. Civ. P. 36(a)(3).

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b).

Judge Volk addressed a similar motion to amend "previously unfiled responses to…request for admissions outside the deadline" in bankruptcy court in this district. *In re Brodnik*, No. 1:18-AP-01005, 2019 WL 5866443, at *1 (Bankr. S.D.W. Va. Nov. 7, 2019). He thoroughly reviewed out-of-circuit precedent on the applicable considerations for determining whether permitting amendment would promote presentation of the merits and whether it would prejudice the requesting party. He concluded that "a party has no right to withdrawal or amendment" even when the Rule 36(b) factors could be satisfied, because relief under the rule is discretionary. *Id*. at 3. "The first half of the test in Rule 36(b) is satisfied when upholding the admissions would

practically eliminate any presentation of the merits of the case." *Id*. (quoting *Conlon v. United States*, 474 F.3d 616 (9th Cir. 2007)). Courts consider the "particular character of the matters deemed admitted and the circumstances of each case," and "will often allow withdrawal of a deemed admission if it is clearly false." *Id.* Prejudice to the requesting party, meanwhile, relates to any difficulty that the party may face if required to gather evidence and present proof of an issue that had been previously deemed admitted, although something more than simply having to provide evidence in support of claims is required. *Id*. at 5. "[C]ourts may also consider the status of discovery, the timing of the late responses, and the knowledge of the parties when determining whether prejudice would result." *Id*. Finally, "[w]hile Rule 36 does not require the Court to consider the cause of the delay, it may do so." *Id*.

The Court finds no factual or legal error in Judge Aboulhosn's Order denying Asplundh's motion to amend its answers to the requests for admission. First, Asplundh has not shown that upholding the admissions would practically eliminate presentation on the merits or that the deemed admission is clearly false. The requests for admission in this case track a Safety Narrative prepared by an OSHA investigator following the accident. Asplundh wishes to amend its answers to provide context, nuance, and to dispute certain characterizations, but the deemed admissions are neither dispositive nor demonstrably false. The Court also finds that Judge Aboulhosn correctly found that the Plaintiff would be prejudiced by permitting amendment. While discovery has not closed, the Plaintiff lost *months* of discovery time after the response deadline passed, and would be unable to complete her other planned discovery as well as the discovery that would be necessitated by placing the matters deemed admitted back into controversy within the remaining

discovery period. As Judge Aboulhosn found, because Asplundh cannot establish both prongs of Rule 36(b), permitting amendment would be improper.

Furthermore, the Court concurs with Judge Aboulhosn, as well as Judge Volk's finding in *Brodnik*, that consideration of the cause of the delay is appropriate for a court deciding whether to exercise its discretion to permit amendment under Rule 36(b). Here, Asplundh simply ignored the Requests for Admission for months before attempting to file blanket denials as the parties scheduled a mediation, then filed more detailed denials the day before mediation. After obtaining a brief stipulated extension of the deadline, Asplundh's counsel chose to ignore that deadline rather than seeking another extension from either opposing counsel or the Court. As Judge Aboulhosn found, there is "no justifiable reason as to why Asplundh failed to timely respond to discovery," and "[n]one of these Requests for Admissions were particularly complicated or voluminous that would have warranted several months' worth of delay." (Order at 7.) Asplundh asks the Court to excuse its dilatory behavior, disregard the applicable deadlines, and permit it to respond to the requests for admission that it chose to ignore, thereby requiring the Plaintiff to conduct additional discovery within a brief timeframe, including obtaining an additional expert. The Court refuses to do so.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Asplundh Tree Expert, LLC's Objections to May 29, 2024 Order* (Document 49) be **DENIED,** and that Judge Aboulhosn's *Order* (Document 48) be **AFFIRMED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: July 16, 2024

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA